UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EZELL MOORE, JR., | ) | Case No.: 1:13-cv-01616 - AWI - JLT |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) ) | DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE |
| JUDGE JOHN R. BROWNLEE, | ) ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| Defendant. | ) ) ) | |

Ezell Moore, Jr. ("Plaintiff") imitated this action on October 7, 2013, by filing a complaint and motion to proceed in forma pauperis. (Docs. 1-2). For the following reasons, the Court recommends Plaintiff's request to proceed in forma pauperis be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     Request to proceed *in forma pauperis***

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's motion to proceed in forma pauperis be denied because, as discussed below, Plaintiff fails to state a cognizable claim. *See* 28 U.S.C.§ 1915(e)(2).

**II.     Screening Requirement**

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).  When factual allegations are well-pled, a court should assume them to be true and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.    Section 1983 Claims**

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right and (2) a person or entity who

committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

## V.    Plaintiff's Allegations

Plaintiff alleges he is in custody awaiting trial on state charges.  (Doc. 1 at 3)  On August 12, 2013, Plaintiff appeared in court with his attorney and at that hearing, the District Attorney requested the court increase the bail amount from $60,000 to $75,000.  *Id*.  Plaintiff alleges the request for the increase was based upon the representation that he "had a prior strik [sic] out of Arkansas." *Id*.  Plaintiff contends that increasing the bail upon the District Attorney's representation without proof of the prior strike violates the Eighth Amendment's[1] prohibition on excessive bail.  *Id*.  He seeks $5,000 in damages.

## VI.    Discussion and Analysis

### A.    *Younger* absention

In general, federal courts are required to abstain from interfering on ongoing state criminal matters.  *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  This abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

Here, first, it is clear the state criminal proceedings are ongoing. Second, the state criminal proceedings implicate important state interests. Indeed, in *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that

---

[1] The Eighth Amendment, which provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  The Ninth Circuit explained that "the Excessive Bail Clause prevents the imposition of bail conditions that are excessive in light of the valid interests the state seeks to protect by offering bail." *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007).

should influence a court considering equitable types of relief." Likewise, in *Younger*, the United States Supreme Court held, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Third, there is no showing Plaintiff could not raise the question of the excessive bail in the state trial court or in a petition for writ in the state court of appeal. Moreover, there is no procedural bar from Plaintiff raising his federal claim in the state proceeding. *Martori Bros. Distribs. v. James–Massengale*, 781 F.2d 1349, 1352, 1354 (9th Cir.). Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999). Finally, Plaintiff's complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if permitted, would threaten the autonomy of the state court. Thus, the complaint must be dismissed.

### B. Judicial immunity

The judge presiding over Plaintiff's case is entitled to absolute judicial immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). The Ninth Circuit explained: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 692 F.2d 911, 913 (9th Cir. 1982)). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority"). Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply here and, based upon the allegations, it is clear Judge Brownlee

is entitled to absolute immunity.  Consequently, Plaintiff fails to state a cognizable claim  and the complaint must be dismissed.

### VI.     Findings and Recommendations

For the foregoing reasons, Plaintiff is unable to state a cognizable claim against Judge Brownlee for a violation of the Eighth Amendment's Excessive Bail Clause.  Because the deficiencies of Plaintiff's complaint cannot be cured by amendment, Plaintiff should not be given leave to amend his complaint.  *See Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's request to proceed *in forma pauperis* be **DENIED**;
2. Plaintiffs Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **October 10, 2013**                **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE